## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 11 |
| STREBOR SPECIALTIES, LLC | ) | |
| | ) | CASE NO. 20-30262 |
| Debtor. | ) | |

| | |
|---|---|
| Rachelle Antcliff, As Personal Representative of the Estate of Gary Steven Antcliff, Deceased, | ) ) ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| STREBOR SPECIALTIES, LLC, | ) |
| | ) |
| Respondent. | ) |

## MOTION OF RACHELLE ANTCLIFF, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GARY STEVEN ANTCLIFF, DECEASED, FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Movant Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, Deceased, ("Movant"), by and through her attorneys, and moves this Honorable Court for the entry of an Order lifting or modifying the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") pursuant to 11 U.S.C. § 362(d)(1), FED. R. BANKR. P. 4001, and LOCAL BANKR. R. L.R. 4001-1.  In support thereof, Movant respectfully states as follows:

### SUMMARY OF GROUNDS FOR REQUESTED RELIEF

1.    On or about March 10, 2020 (the "Petition Date"), Strebor Specialties, LLC ("Defendant-Debtor"), filed  a Voluntary Petition under Chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Illinois (the "Bankruptcy Court").

2.      On August 27, 2018, Movant filed her Complaint (the "Complaint") in a certain state court cause of action for personal injury against Strebor Specialties, LLC ("Defendant-Debtor", Custom Blending and Packaging of St. Louis, LLC, and Dale Horne in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois (the "State Court"), in the case styled *Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, Deceased, Plaintiff vs. Custom Blending, et. al Defendants*, bearing Case No. 16-L-11 (the "Civil Suit"). A true and accurate copy of the Complaint in the Civil Suit has been attached hereto as Exhibit A and is incorporated herein by this reference.

3.      Movant's Civil Suit asserts that Defendant-Debtor acted negligently by: (1) failing to manufacture its SBS Sealer in a way that did not cause harm to Gary Steven Antcliff, deceased, and others when they knew or should have known that such was necessary to prevent harm; (2) failing to design the SBS Sealer product in a way that did not cause harm to Gary Steven Antcliff, deceased, and others when they knew that such was necessary to prevent harm; and (3) failing to adequate warn Gary Steven Antcliff and others of the lethal nature of the SBS Sealer product when they knew or should have known that such was necessary to prevent harm. Movant further alleges that as a direct and proximate result of these foregoing acts or omissions, Gary Steven Antcliff was caused to sustain severe pain and suffering, incur medical expenses, and ultimately, to die. Thee Civil Suit also asserts causes of action premised in strict products liability in that Defendant-Debtor released its product, the SBS Sealer, in a defective and unreasonably dangerous condition

4.      Movant was appointed as Personal Representative of the Estate of Gary Steven Antcliff.

5.      The Civil Suit is pending jury trial.

6.      Civil Suit defendants, Defendant-Debtor, Custom Blending and Packaging of St. Louis, LLC, and Dale Horne, have filed a Third-Party Complaint against Aldon Corporation and Donald T. Schapper which is also pending jury trial.  A true and accurate copy of the Third-Party Complaint in the Civil Suit has been attached hereto as Exhibit B and is incorporated by this reference.

7.      The filing of Defendant-Debtor's Voluntary Petition under Chapter 11 of the Bankruptcy Code effectively stayed prosecution of Movant's cause of action in the Civil Suit.

8.      Movant requests that the automatic stay be lifted, or otherwise modified, to allow Movant to pursue her cause of action in the Civil Suit to determine the amount of Movant's claim in the Civil Suit. Movant also requests that the automatic stay be lifted, or otherwise modified, to allow Civil Suit defendants and third-party plaintiffs, Defendant-Debtor, Custom Blending and Packaging of St. Louis, LLC, and Dale Horne, to reduce their claims, if any, to judgment against Aldon Corporation and Donald T. Schapper in the Civil Suit.

9.      The Movant will not seek the enforcement of any judgment against the Defendant-Debtor, without further order of this Court.

10.      To be clear, if the automatic stay is lifted or modified to allow Movant to proceed with the Civil Suit, then Movant's Claim[1] relating to judgment in the Civil Suit, if any, against Defendant-Debtor shall first be limited to recovery under Defendant-Debtor's applicable insurance policy and/or policies, to the extent said policies exist. However, to the extent that Defendant-Debtor is self-insured and/or to the extent that any recovery in the Civil Suit is in excess of any existing insurance policy and/or policies limits, said self-insured liability and/or excess recovery

---

[1] On May 6, 2020, Movant filed a Proof of Claim as to the Defendant-Debtor.

shall be filed as an amended Claim against the Defendant-Debtor's bankruptcy estate ("Bankruptcy Estate").

11.    Section 362(d) of the Bankruptcy Code requires relief from the automatic stay, "by terminating, annulling, modifying or conditioning such stay . . . for cause." *See* 11 U.S.C. § 362(d)(1).

12.    Good cause exists to allow Movant to proceed with her Civil Suit against Defendant-Debtor and its co-defendants to allow Movant to determine the amount of her claim in the Civil Suit and to establish her rights, if any, to the proceeds of any insurance policy or policies.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b).  The statutory predicates for the relief sought are sections 105(a) and 362 of the Bankruptcy Code.

## ARGUMENT

14.    Section 362(d)(1) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay "[o]n request of a party in interest . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

15.    "The Bankruptcy Code does not provide additional factors for courts to consider, nor does it define cause" *In re Webster Place Ath. Club, LLC*, 2019 Bankr. LEXIS 1863  (Bankr. N.D. Ill. 2019) (internal quotation marks omitted).

16.    Though the Bankruptcy Code does not provide specific factors for courts to consider when determining whether cause exists, the Seventh Circuit has articulated three factors that are most often considered in deciding whether it is appropriate to lift the automatic stay,

allowing litigants to pursue litigation against debtors in another forum. These factors include (1) whether prejudice to the debtor or debtor's estate will result by continuing the litigation, (2) whether the hardship of the non-debtor party outweighs the hardship of the debtor should the automatic stay remain in place, and (3) whether the moving party has a probability of prevailing on the merits should the stay be lifted. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

17.    The three aforementioned factors (the "*Fernstrom*" Factors") are assessed by bankruptcy courts within the Seventh Circuit on a case-by-case basis to determine whether "cause" exists for relief from the automatic stay. *See, e.g., In re Webster Place*, 2019 Bankr. LEXIS 1863 at *11.

18.    The first *Fernstrom* Factor, assessing whether prejudice to the Defendant Debtor or its estate will result by allowing the Civil Suit to proceed, weighs strongly in favor of Movant. As previously stipulated, there is little to no risk to Defendant Debtor or its estate given that Movant has conditioned initial recovery in the Civil Suit to any available insurance proceeds, with a resulting amended claim being limited to the amount of the judgment not satisfied by the insurance coverage, to the extent such coverage exists.

19.    The second *Fernstrom* Factor, assessing whether the hardship to Movant outweighs the hardship to the Defendant Debtors that would result in allowing the Civil Suit to proceed, similarly weighs strongly in favor of Movant. Movant would likely suffer significant hardship should the automatic stay remain in place with respect to the prosecution of her Civil Suit. As noted by the court in *In re Todd Shipyards*. 92 B.R. 600, 603 (Bankr. D.N.J. 1988), "courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." Should the stay remain in place

in this matter, Movant will likely have to wait an inordinately long time to prosecute her claim. This wait may effectively deny Movant an opportunity to litigate her claims given the risk of aging evidence, loss of witnesses, and crowded court dockets. *See In re Brock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

20.   The third and final *Fernstrom* Factor, assessing Movant's likelihood of success on the merits in the Civil Suit if the automatic stay is lifted in this matter similarly weighs in favor of Movant.

21.   Movant's claims against Defendant-Debtor are each based upon either the doctrine of negligence or strict products liability.

22.   Movant's causes of action premised in negligence assert that Defendant-Debtor acted negligently by: (1) failing to manufacture its SBS Sealer in a way that did not cause harm to Gary Steven Antcliff, deceased, and others when they knew or should have known that such was necessary to prevent harm; (2) failing to design the SBS Sealer product in a way that did not cause harm to Gary Steven Antcliff, deceased, and others when they knew that such was necessary to prevent harm; and (3) failing to adequate warn Gary Steven Antcliff and others of the lethal nature of the SBS Sealer product when they knew or should have known that such was necessary to prevent harm. Movant further alleges that as a direct and proximate result of these foregoing acts or omissions, Gary Steven Antcliff was caused to sustain severe pain and suffering, incur medical expenses, and ultimately, to die.

23.   Movant's causes of action premised in strict products liability assert that Defendant-Debtor released its product, the SBS Sealer, in a defective and unreasonably dangerous condition in the following ways: (1) the SBS Sealer contained a manufacturing flaw which made it lethal to end users and others; (2) the SBS Sealer was defectively designed in such a way that

made it lethal to end users and others; and (3) the SBS Sealer did not contain adequate warnings to Gary Steven Antcliff, deceased, and others of the risks and dangers associated with the product's use. Movant further alleges that as a direct and proximate result of these foregoing acts or omissions, Gary Steven Antcliff was caused to sustain severe pain and suffering, incur medical expenses, and ultimately, to die.

24.    The aforementioned allegations from Movant's Complaint in the Civil Suit satisfy the common law elements of actions premised in negligence and strict products liability, and are readily proven by Movant in this case. Thus, Movant has a high likelihood of success on the merits in the Civil Suit.

25.    In the case at bar, Movant submits that there is sufficient cause for the Court to lift or otherwise modify the automatic stay so that Movant may proceed to prosecute her Civil Suit in the State Court. The *Fernstrom* factors demonstrate that (1) there is little to no risk of prejudice to Defendant Debtor or its estates if the automatic stay is to be lifted in this case; (2) the hardship to Movant in maintaining the automatic stay substantially outweighs any hardship the Defendant Debtor may face if the automatic stay is to be lifted; and (3) Movant will likely prevail on her claims against Defendant-Debtor in the Civil Suit.

26.    Based on the foregoing, Movant submits that cause exists to lift or modify the automatic stay.

WHEREFORE, the premises considered, Movant Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, Deceased, prays this Court enter an Order granting relief as follows:

a.    Granting Movant relief from the automatic stay provisions of 11 U.S.C. § 362(a) to prosecute any claims that she may have against Defendant-Debtor and its co-defendants in the Civil Suit;

b.    Lifting or modifying the stay to allow the Civil Suit third-party plaintiffs, Custom Blending and Packaging of St. Louis, LLC, Strebor Specialities, LLC, and Dale Horne to reduce their claim, if any, to judgment against Aldon Corporation and Donald T. Schapper in the Civil Suit;

c.    Authorizing the State Court to conduct such hearings or other proceedings as may be necessary in the Civil Suit;

d.    Limiting Movant's Claim against Debtor and the Bankruptcy Estate to the recovery, if any, under Defendant-Debtor's applicable insurance policies, with any additional recovery not covered by insurance proceeds to be filed as an amended Claim by Movant against the Bankruptcy Estate; and

e.    For such other and further relief as this Court deems just and proper.

Dated:  May 6, 2020

Respectfully submitted,

GOLDENBERG HELLER & ANTOGNOLI, P.C.

By:/s/ *Joel A. Kunin*, Esq.
    Joel A. Kunin
    2227 South State Route 157
    Edwardsville, IL 62025
    Telephone: 618.656.5150
    Facsimile: 618.656.6230
    Email: jkunin@ghalaw.com

    *Attorneys for Rachelle Antcliff, as Personal*
    *Representative of the Estate of Gary Steven*
    *Antcliff, Deceased*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing motion and notice attached thereto was forwarded by first-class mail, postage prepaid on this 6th day of May, 2020, to:

Strebor Specialties LLC
P.O. Box 62
Dupo, IL 62239

Steven M. Wallace
Silver Lake Group Ltd.
6 Ginger Creek Village Drive
Glen Carbon, IL 62034

The foregoing motion and notice attached thereto was electronically filed with the United States Bankruptcy Court, Southern District of Illinois, and that copies were sent electronically on this 6th day of May, 2020 to all attorneys of record.

_____/s/ Joel A. Kunin_____

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
18L0563
St. Clair County
8/27/2018 11:36 AM
1983037

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

RACHELLE ANTCLIFF, as Personal )
Representative of the Estate of )
Gary Steven Antcliff, deceased, )
)
Plaintiff, )
)
vs. )          Case No.: 18L563
)
CUSTOM BLENDING AND PACKAGING )
OF ST. LOUIS, LLC , STREBOR )
SPECIALTIES, LLC, and DALE HORNE, )
)
Defendants. )
)

### Count I

### Wrongful Death – Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count I of her complaint against defendant Custom Blending and Packing of St. Louis, LLC (hereinafter "Custom Blending") states as follows:

1.      On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.      Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.      At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS

1

EXHIBIT
A

Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.     At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.     At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.     At that time and place and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

      a.     Contained a manufacturing flaw which made it lethal to end users and others;

      b.     Was defectively designed in such a way that made it lethal to end users and others; and

      c.     Did not contain adequate warnings to plaintiff's decedent and others of the risks and dangers of the product's use.

7     That as a direct and proximate result of one or more of the aforementioned defects plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship, society, love and affection, and causing them grief, sorrow and mental distress; all to their damages in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Custom Blending and Packing of St. Louis, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

2

Count II

Survival Action -- Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count II of her complaint against defendant Custom Blending and Packing of St. Louis, LLC (hereinafter "Custom Blending") states as follows:

1.      On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.      Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.      At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.      At all times herein mentioned, Dale Horae was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.      At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.      At that time and place, and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

        a.      Contained a manufacturing flaw which made it lethal to end users and others;

3

b.   Was defectively designed in such a way that made it lethal to end users and others; and

c.   Did not contain adequate warnings to plaintiff's decedent and others of the risks and dangers of the product's use.

7.     That as a direct and proximate result of one or more of the foregoing acts or omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical expenses prior to his death.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Custom Blending and Packing of St. Louis, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

## Count III

### Wrongful Death – Negligence

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count III of her complaint against defendant Custom Blending and Packing of St. Louis, LLC (hereinafter "Custom Blending") states as follows:

1.     On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.     Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.     At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS

4

Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.    At said time and place defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions:

      a.    Failed to manufacture the SBS Sealer in a way which did not cause harm to plaintiff's decedent and others when they knew or should have known that such was necessary to prevent harm;

      b.    Failed to design the product in such a way which did not cause harm to plaintiff and others when they knew or should have known that such was necessary to prevent harm; and

      c.    Failed to adequately warn plaintiff and others of the lethal nature of the product when they knew or should have known that such was necessary to prevent harm.

7.    That as a direct and proximate result of one or more of the aforementioned defects plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship, society, love and affection, and causing them grief, sorrow and mental distress; all to their damages in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Custom Blending and Packing of St. Louis, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

Count IV

Survival Action – Negligence

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count IV of her complaint against defendant Custom Blending and Packing of St. Louis, LLC (hereinafter "Custom Blending") states as follows:

1.    On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.    Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.    At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.    At said time and place defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions:

6

a. Failed to manufacture the SBS Sealer in a way which did not cause harm to plaintiff's decedent and others when they knew or should have known that such was necessary to prevent harm;

b. Failed to design the product in such a way which did not cause harm to plaintiff and others when they knew or should have known that such was necessary to prevent harm; and

c. Failed to adequately warn plaintiff and others of the lethal nature of the product when they knew or should have known that such was necessary to prevent harm.

7.   That as a direct and proximate result of one or more of the foregoing acts or omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical expenses prior to his death.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Custom Blending and Packing of St. Louis, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

## Count V

## Wrongful Death – Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count V of her complaint against defendant Strebor Specialties, LLC states as follows:

1.   On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.   Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

7

3.    At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.    At that time and place and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

      a.    Contained a manufacturing flaw which made it lethal to end users and others;

      b.    Was defectively designed in such a way that made it lethal to end users and others; and

      c.    Did not contain adequate warnings to plaintiff's decedent and others of the risks and dangers of the product's use.

7    That as a direct and proximate result of one or more of the aforementioned defects plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship, society, love and affection, and causing them grief, sorrow and mental distress; all to their damages in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Strebor Specialties, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

8

## Count VI

### Survival Action – Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count VI of her complaint against defendant Strebor Specialties, LLC states as follows:

1.    On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.    Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.    At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.    At that time and place, and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

   a.    Contained a manufacturing flaw which made it lethal to end users and others;

9

   b.  Was defectively designed in such a way that made it lethal to end users and
others; and

   c.  Did not contain adequate warnings to plaintiff's decedent and others of the
risks and dangers of the product's use.

 7.  That as a direct and proximate result of one or more of the foregoing acts or
omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical
expenses prior to his death.

 WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of
Gary Steven Antcliff, deceased, demands judgment against the defendant Strebor Specialties,
LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein
expended.

## Count VII

### Wrongful Death – Negligence

 Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of
Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C.
and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and
for Count VII of her complaint against defendant Strebor Specialties, LLC states as follows:

 1.  On or about August 28, 2016 and at all times herein mentioned, plaintiff was the
spouse of plaintiff's decedent, Gary Steven Antcliff.

 2.  Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary
Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

 3.  At all times herein mentioned, defendant Custom Packaging was a manufacturer
and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS
Sealer"), which product was manufactured at its only facility and principal place of business,
located in Dupo, St. Clair County, Illinois.

10

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom

Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated

December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Strebor Specialties, LLC was a successor

corporation to Custom Blending.

6.    At said time and place defendant, by and through its agents servants or employees

committed one or more of the following negligent acts or omissions:

      a.    Failed to manufacture the SBS Sealer in a way which did not cause harm to
         plaintiff's decedent and others when they knew or should have known that
         such was necessary to prevent harm;

      b.    Failed to design the product in such a way which did not cause harm to
         plaintiff and others when they knew or should have known that such was
         necessary to prevent harm; and

      c.    Failed to adequately warn plaintiff and others of the lethal nature of the
         product when they knew or should have known that such was necessary to
         prevent harm.

7.    That as a direct and proximate result of one or more of the aforementioned defects

plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship,

society, love and affection, and causing them grief, sorrow and mental distress; all to their damages

in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of

Gary Steven Antcliff, deceased, demands judgment against the defendant Strebor Specialties,

LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein

expended.

Count VIII

Survival Action -- Negligence

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Autognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count VIII of her complaint against defendant Streber Specialties, LLC states as follows:

1.      On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.      Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.      At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.      At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.      At all times herein mentioned, defendant Streber Specialties, LLC was a successor corporation to Custom Blending.

6.      At said time and place defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions:

>       a.      Failed to manufacture the SBS Sealer in a way which did not cause harm to plaintiff's decedent and others when they knew or should have known that such was necessary to prevent harm;

12

b.   Failed to design the product in such a way which did not cause harm to plaintiff and others when they knew or should have known that such was necessary to prevent harm; and

c.   Failed to adequately warn plaintiff and others of the lethal nature of the product when they knew or should have known that such was necessary to prevent harm.

7.   That as a direct and proximate result of one or more of the foregoing acts or omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical expenses prior to his death.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Strebor Specialties, LLC, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

## Count IX

### Wrongful Death – Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count I of her complaint against defendant Dale Home states as follows:

1.   On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.   Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.   At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Alden S-B-S Sealer (hereinafter "SBS

Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.    At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.    At all times herein mentioned, defendant Streber Specialties, LLC was a successor corporation to Custom Blending.

6.    At that time and place and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

        a.    Contained a manufacturing flaw which made it lethal to end users and others;

        b.    Was defectively designed in such a way that made it lethal to end users and others; and

        c.    Did not contain adequate warnings to plaintiff's decedent and others of the risks and dangers of the product's use.

7    That as a direct and proximate result of one or more of the aforementioned defects plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship, society, love and affection, and causing them grief, sorrow and mental distress; all to their damages in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Dale Horne, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

## Count X

## Survival Action – Strict Products

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count II of her complaint against defendant Dale Horne states as follows:

1.     On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.     Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.     At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Depo, St. Clair County, Illinois.

4.     At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.     At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.     At that time and place, and at the time it left the manufacturer, SBS Sealer was defective and unreasonably dangerous in one or more of the following ways:

> a.     Contained a manufacturing flaw which made it lethal to end users and others;

15

      b.     Was defectively designed in such a way that made it lethal to end users and others; and

      c.     Did not contain adequate warnings to plaintiff's decedent and others of the risks and dangers of the product's use.

7.     That as a direct and proximate result of one or more of the foregoing acts or omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical expenses prior to his death.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Dale Horne, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

## Count XI

## Wrongful Death – Negligence

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count III of her complaint against defendant Dale Horne states as follows:

1.     On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.     Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1024.

3.     At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Alden S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

16

4.     At all times herein mentioned, Dale Horne was the sole member of the Custom

Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated

December 19, 2016 and is sued in that capacity.

5.     At all times herein mentioned, defendant Strebor Specialties, LLC was a successor

corporation to Custom Blending.

6.     At said time and place defendant, by and through its agents servants or employees

committed one or more of the following negligent acts or omissions:

     a.     Failed to manufacture the SBS Sealer in a way which did not cause harm to
plaintiff's decedent and others when they knew or should have known that
such was necessary to prevent harm;

     b.     Failed to design the product in such a way which did not cause harm to
plaintiff and others when they knew or should have known that such was
necessary to prevent harm; and

     c.     Failed to adequately warn plaintiff and others of the lethal nature of the
product when they knew or should have known that such was necessary to
prevent harm.

7.     That as a direct and proximate result of one or more of the aforementioned defects

plaintiff's decedent was caused to die, causing his next of kin to be deprived of his companionship,

society, love and affection, and causing them grief, sorrow and mental distress; all to their damages

in a substantial amount.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of

Gary Steven Antcliff, deceased, demands judgment against the defendant Dale Horne, in a sum

in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

Count XII

Survival Action -- Negligence

Comes now the plaintiff, Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, by and through her counsel, Goldenberg, Heller & Antognoli, P.C. and Ann E. Callis and Cook, Bartholomew, Shevlin & Cook, LLP and Gregory L. Shevlin, and for Count IV of her complaint against defendant Dale Horne states as follows:

1.      On or about August 28, 2016 and at all times herein mentioned, plaintiff was the spouse of plaintiff's decedent, Gary Steven Antcliff.

2.      Rachelle Antcliff has been appointed Personal Representative of the Estate of Gary Steven Antcliff by order of the Bartholomew County Court, Cause No. 03C01-1702-EU-1924.

3.      At all times herein mentioned, defendant Custom Packaging was a manufacturer and blender of certain products, including one known as Aldon S-B-S Sealer (hereinafter "SBS Sealer"), which product was manufactured at its only facility and principal place of business, located in Dupo, St. Clair County, Illinois.

4.      At all times herein mentioned, Dale Horne was the sole member of the Custom Packaging LLC, which LLC was terminated by a filing with the Missouri Secretary of State dated December 19, 2016 and is sued in that capacity.

5.      At all times herein mentioned, defendant Strebor Specialties, LLC was a successor corporation to Custom Blending.

6.      At said time and place defendant, by and through its agents servants or employees committed one or more of the following negligent acts or omissions:

a.      Failed to manufacture the SBS Sealer in a way which did not cause harm to plaintiff's decedent and others when they knew or should have known that such was necessary to prevent harm;

18

b.  Failed to design the product in such a way which did not cause harm to plaintiff and others when they knew or should have known that such was necessary to prevent harm; and

c.  Failed to adequately warn plaintiff and others of the lethal nature of the product when they knew or should have known that such was necessary to prevent harm.

7.  That as a direct and proximate result of one or more of the foregoing acts or omissions, plaintiff's decedent was caused to sustain severe pain and suffering and to incur medical expenses prior to his death.

WHEREFORE, plaintiff Rachelle Antcliff, as Personal Representative of the Estate of Gary Steven Antcliff, deceased, demands judgment against the defendant Dale Horne, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs herein expended.

Ann E. Callis, IL #6203933
GOLDENBERG, HELLER & ANTOGNOLI, P.C.
2227 South State Rouge 157
Edwardsville, IL 62025
Phone: (618) 656-5150
Fax: (618) 656-6230

and

*/s/ Gregory L. Shevlin*
Gregory L. Shevlin, IL #6199414
COOK, BARTHOLOMEW, SHEVLIN,
 & COOK, LLP
12 West Lincoln St.
Belleville, IL 62220
Phone: (618) 235-3500
Fax: (618) 235-7286
gls@cbsclaw.com

*Attorney for Plaintiff Rachelle Antcliff, as Personal*
*Representative of the Estate of Gary Steven Antcliff*

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
18L0563
St. Clair County
8/27/2018 11:36 AM
1983037

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

RACHELLE ANTCLIFF, as Personal )
Representative of the Estate of )
Gary Steven Antcliff, deceased, )
)
Plaintiff, )
)
vs. )                                              Case No. 18L563
)
CUSTOM BLENDING AND PACKAGING )
OF ST. LOUIS, LLC, STREBOR )
SPECIALTIES and DALE HORNE, )
)
Defendants. )
)

## A F F I D A V I T

Gregory L. Shevlin, being first duly sworn upon his oath, deposes and states as follows:

1. That he is the attorney for the plaintiff. Under the penalties of perjury as provided by §1-109 of the Code of Civil Procedure and upon information and belief, the damages suffered by the plaintiff in the instant complaint attached hereto exceeds the sum of $50,000.00.

_____
GREGORY L. SHEVLIN

SUBSCRIBED AND SWORN, to before me, a Notary Public, this _____ of

_____, 2018.

_____
NOTARY PUBLIC

COOK, BARTHOLOMEW, SHEVLIN
& COOK, LLP
12 West Lincoln Street
Belleville, Illinois 62220
(618) 235-3500

"OFFICIAL SEAL"
REBECCA L. GREEN
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES AUG. 25, 2021

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| *RACHELLE ANTCLIFF, as Personal Representative of the Estate of Gary Steven Antcliff, deceased,* ) ) ) ) | |
| Plaintiff, ) ) | |
| ) | Cause No. 18-L-0563 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| *CUSTOM BLENDING AND PACKAGING OF ST. LOUIS, LLC, STREBOR SPECIALTIES, LLC, AND DALE HORNE,* ) ) ) ) ) | |
| Defendants. ) ) | |

———————————————

| | |
|---|---|
| *CUSTOM BLENDING AND PACKAGING OF ST. LOUIS, LLC, STREBOR SPECIALTIES, LLC, AND DALE HORNE,* ) ) ) ) ) | |
| Defendants/Third-Party Plaintiffs, ) ) | |
| v. ) ) | |
| *ALDON CORPORATION,* ) ) | |
| **Serve:** Donald T. Schapper<br>　　　Registered Agent<br>　　　485 Haskill Creek Road<br>　　　Whitefish, Montana, 59937 ) ) ) ) ) | |
| and ) ) | |
| *DONALD T. SCHAPPER*, Individually ) ) | |
| **Serve:** Donald T. Schapper<br>　　　485 Haskill Creek Road<br>　　　Whitefish, Montana, 59937 ) ) ) ) | |
| Third-Party Defendants. ) | |

EXHIBIT B

## DEFENDANTS/THIRD-PARTY PLAINTIFFS' THIRD-PARTY COMPLAINT AGAINST ALDON CORPORATION AND DONALD SCHAPPER

COME NOW Defendants/Third Party Plaintiffs Custom Blending and Packaging of St. Louis, LLC ("Custom Blending"); Strebor Specialties, LLC ("Strebor"); and Dale Horne ("Horne") (collectively, "Defendants/Third-Party Plaintiffs"), by and through their attorneys, Sandberg Phoenix & von Gontard P.C., and for their Third-Party Complaint for Contribution and Indemnity against Aldon Corporation ("Aldon") and Donald Schapper ("Schapper"), state as follows:

### Allegations Common to All Counts

1.      On August 27, 2018, plaintiff Rachelle Antcliff, personally and as Personal Representative of the Estate of decedent Gary Steven Antcliff ("Steve Antcliff"), filed her Complaint against these Defendants seeking damages. A copy of Plaintiff's Complaint is attached as **Exhibit A**.

2.      These Defendants — Custom Blending and Packaging of St. Louis, LLC, Strebor Specialties, LLC and Dale Horne — are alleged to have manufactured and blended Third-Party Defendant Aldon Corporation's ("Aldon") S-B-S Sealer product at its facility located in Dupo, St. Clair, County, Illinois. (*See, e.g.*, Ex. A, ¶ 3.)

3.      Steve Antcliff allegedly purchased the S-B-S Sealer product from Aldon for use in a home-improvement project for his basement.

4.      Steve Antcliff allegedly passed away "as a direct and proximate result" of defects in the S-B-S Sealer, which allegedly caused his death on August 28, 2016 (the "Incident"). (*See, e.g.*, Ex. A, ¶ 1, 7.)

5.      The Complaint presents 12 counts directed against the Defendants/Third-Party Plaintiffs. The Counts are as follows:

       a.   Wrongful death for strict products liability against Custom Blending;

b. Survival Action for strict products liability against Custom Blending;

c. Wrongful death for negligence against Custom Blending;

d. Survival Action for negligence against Custom Blending;

e. Wrongful death for strict products liability against Strebor;

f. Survival Action for strict products liability against Strebor;

g. Wrongful death for negligence against Strebor;

h. Survival Action for negligence against Strebor;

i. Wrongful death for strict products liability against Horne;

j. Survival Action for strict products liability against Horne;

k. Wrongful death for negligence against Horne; and

l. Survival Action for negligence against Horne.

6.      These Defendants/Third-Party Plaintiffs have denied — and continue to deny — liability to Plaintiff for all acts alleged in Plaintiff's Complaint.

7.      Upon information and belief, Aldon was a corporation organized under the laws of the State of Nevada with a principal place of business in the State of Montana.

8.      Upon information and belief, Third-Party Defendant Donald Schapper ("Schapper") is a shareholder and owner of Aldon and a resident of the City of Whitefish, State of Montana.

9.      The Court has specific personal jurisdiction over Aldon and Schapper under Illinois' long-arm statute for reasons including but not limited to: Aldon and Schapper transacted business within this State via its orders, contracts, and/or business with Custom Blending and/or Strebor; additionally, Aldon and Schapper, through the same orders, contracts, and/or business engaged in order, contracts, and business substantially connected with this State. 735 ILCS 5/2-209(a).

10.    Venue is proper under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/5, as this third-party complaint is being filed in the pending action or, alternatively, under the general venue statute, 735 ILCS 5/2-101.

### Count I — Contribution/Indemnity
### (Custom Blending v. Aldon & Schapper)

COMES NOW Defendant/Third-Party Plaintiff Custom Blending & Packaging of St. Louis, LLC, by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Third-Party Complaint for Contribution and Indemnity in Count I against Third-Party Defendants Aldon Corporation and Donald Schapper, states:

11.    Custom Blending restates and incorporates by reference the allegations of Paragraphs 1 through 9, inclusive, as if fully set forth herein as paragraph 11 of Count I.

12.    Steve Antcliff allegedly purchased the S-B-S Sealer, owned the S-B-S Sealer on the date of the Incident, and the S-B-S Sealer was being used to seal Steve Antcliff's basement bathroom, which he was remodeling on the date of the Incident.

13.    At the time of the Incident and at all relevant times before, Aldon invented, designed, marketed, shipped, and sold the subject S-B-S Sealer to Steve Antcliff that allegedly caused Steve Antcliff's death.

14.    Custom Blending did not design, prepare packaging or warnings, or prepare specifications for the S-B-S Sealer; rather, all of those functions such as the formula, specifications, packaging, and warnings were specifically performed and provided by Aldon. At Aldon's direction, Custom Blending assembled and packaged the S-B-S Sealer and then shipped the S-B-S Sealer to Aldon's warehouses, where the S-B-S Sealer was later sold by Aldon.

15.    On or about August 28, 2016, Steve Antcliff was working on refinishing his basement when the S-B-S Sealer allegedly caused the Incident.

16.     Allegedly, on or about August 28, 2016, while applying the S-B-S Sealer, Steve Antcliff died in the Incident.

17.     At the time of the Incident, Aldon owed legal duties to Steve Antcliff as the inventor, designer, manufacturer, marketer, and/or seller of the S-B-S Sealer, to ensure the S-B-S Sealer was in a non-defective condition and to adequately warn of the relevant dangers of the S-B-S Sealer.

18.     On and/or prior to the time of the Incident, Aldon and Schapper, by and through its agents, servants, and employees, committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

> a.  failing to use reasonable care in warning Gary Steven Antcliff of the dangers of using the S-B-S Sealer in the product's use;
>
> b.  failing to design a reasonably safe and non-defective S-B-S Sealer;
>
> c.  failing to provide adequate specifications, instructions, warnings, packaging, or ingredients such that Custom Blending could blend a non-defective S-B-S Sealer product free of manufacturing and design flaws;
>
> d.  failing to adequately investigate whether the ingredients contained in the S-B-S Sealer's specifications were reasonably safe for the Sealer's intended and reasonably foreseeable uses; and
>
> e.   otherwise being negligent.

19.     As a direct and proximate result of one or more of Aldon's negligent acts and/or omissions as described herein, Steve Antcliff was allegedly exposed to the S-B-S Sealer and died as a result of the S-B-S Sealer in the Incident.

20.     At the time of the Incident, the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq. permitted a suit in contribution, and the Indiana Product Liability Act, Ind. Code Ann. § 34-20-9-1, permitted a suit for indemnity against Aldon and Schapper.

21.     By virtue of the circumstances described above, if Custom Blending, is found liable to Plaintiff in any amount whatsoever, which liability Custom Blending continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Aldon and/or Schapper, described above, for which Custom Blending is entitled to contribution pursuant to the Illinois Joint Tortfeasor Contribution Act and/or indemnity pursuant to the Indiana Product Liability Act (and applicable common law).

22.     Schapper, as a shareholder and owner of Aldon, is also personally responsible for the damages in contribution and/or Indemnity under a piercing-the-corporate-veil theory — Aldon was undercapitalized, failed to observe corporate formalities, and acted in ways that ignored the corporate form.

WHEREFORE, Defendant/Third-Party Plaintiff Custom Blending and Packaging of St. Louis, LLC, prays that in the event a judgment or verdict is entered against it and in favor of Plaintiff, that a judgment be entered against Third-Party Defendants Aldon Corporation and Donald Schapper in an amount equal to their pro rata share of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act or the Indiana Product Liability Act, that the Court award Custom Blending its costs, and for such other and further relief this Court deems just and proper.

### Count II — Contribution/Indemnity
### (Strebor v. Aldon & Schapper)

COMES NOW Defendant/Third-Party Plaintiff Strebor Specialties, LLC, by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Third-Party Complaint for Contribution and

Indemnity in Count I against Third-Party Defendants Aldon Corporation and Donald Schapper, states:

23.     Strebor restates and incorporates by reference the allegations of Paragraphs 1 through 9, inclusive, as if fully set forth herein as paragraph 23.

24.     Steve Antcliff allegedly purchased the S-B-S Sealer, owned the S-B-S Sealer on the date of the Incident, and the S-B-S Sealer was being used to seal Steve Antcliff's basement bathroom, which he was remodeling on the date of the Incident.

25.     At the time of the Incident and at all relevant times before, Aldon invented, designed, marketed, shipped, and sold the subject S-B-S Sealer to Steve Antcliff that allegedly caused Steve Antcliff's death.

26.     Strebor did not design, assemble, package, prepare warnings, or invent the S-B-S Sealer. In fact, Strebor had no involvement in the production of the S-B-S Sealer that allegedly caused the Incident because it had not yet purchased the assets of the business from Custom Blending.

27.     On or about August 28, 2016, Steve Antcliff was working on refinishing his basement when the S-B-S Sealer allegedly caused the Incident.

28.     Allegedly, on or about August 28, 2016, while applying the S-B-S Sealer, Steve Antcliff died in the Incident.

29.     At the time of the Incident, Aldon owed legal duties to Steve Antcliff as the inventor, designer, manufacturer, marketer, and/or seller of the S-B-S Sealer, to ensure the S-B-S Sealer was in a non-defective condition and to adequately warn of the relevant dangers of the S-B-S Sealer.

30.     On and/or prior to the time of the Incident, Aldon and Schapper, by and through its agents, servants, and employees, committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

a.   failing to use reasonable care in warning Gary Steven Antcliff of the dangers of using the S-B-S Sealer in the product's use;

b.   failing to design a reasonably safe and non-defective S-B-S Sealer;

c.   failing to provide adequate specifications, instructions, warnings, packaging, or ingredients such that Custom Blending could blend a non-defective S-B-S Sealer product free of manufacturing and design flaws;

d.   failing to adequately investigate whether the ingredients contained in the S-B-S Sealer's specifications were reasonably safe for the Sealer's intended and reasonably foreseeable uses; and

e.   otherwise being negligent.

31.     As a direct and proximate result of one or more of Aldon's negligent acts and/or omissions as described herein, Steve Antcliff was allegedly exposed to the S-B-S Sealer and died as a result of the S-B-S Sealer in the Incident.

32.     At the time of the Incident, the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq. permitted a suit in contribution, and the Indiana Product Liability Act, Ind. Code Ann. § 34-20-9-1, permitted a suit for indemnity against Aldon and Schapper.

33.     By virtue of the circumstances described above, if Strebor is found liable to Plaintiff in any amount whatsoever, which Strebor continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Aldon and/or Schapper, described above, for which Strebor is entitled to contribution pursuant to the Illinois Joint Tort-

feasor Contribution Act and/or indemnity pursuant to the Indiana Product Liability Act (and applicable common law).

34.     Schapper, as a shareholder and owner of Aldon, is also personally responsible for the damages in contribution and/or Indemnity under a piercing-the-corporate-veil theory — Aldon was undercapitalized, failed to observe corporate formalities, and acted in ways that ignored the corporate form.

WHEREFORE, Defendant/Third-Party Plaintiff Strebor Specialties, LLC, prays that in the event a judgment or verdict is entered against it and in favor of Plaintiff, that a judgment be entered against Third-Party Defendants Aldon Corporation and Donald Schapper in an amount equal to their pro rata share of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act or the Product Liability Act, that the Court award Strebor its costs, and for such other and further relief this Court deems just and proper.

### Count III — Contribution/Indemnity
### (Horne v. Aldon & Schapper)

COMES NOW Defendant/Third-Party Plaintiff Dale Horne, by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Third-Party Complaint for Contribution and Indemnity in Count I against Third-Party Defendants Aldon Corporation and Donald Schapper, states:

35.     Horne restates and incorporates by reference the allegations of Paragraphs 1 through 9, inclusive, as if fully set forth herein as paragraph 35.

36.     Steve Antcliff allegedly purchased the S-B-S Sealer, owned the S-B-S Sealer on the date of the Incident, and the S-B-S Sealer was being used to seal Steve Antcliff's basement bathroom, which he was remodeling on the date of the Incident.

37.     At the time of the Incident and at all relevant times before, Aldon invented, designed, marketed, shipped, and sold the subject S-B-S Sealer to Steve Antcliff that allegedly caused Steve Antcliff's death.

11146641.7

38.    Horne did not design, assemble, package, prepare warnings, or invent the S-B-S Sealer. Horne is simply a member of Custom Blending.

39.    On or about August 28, 2016, Steve Antcliff was working on refinishing his basement when the S-B-S Sealer allegedly caused the Incident.

40.    Allegedly, on or about August 28, 2016, while applying the S-B-S Sealer, Steve Antcliff died in the Incident.

41.    At the time of the Incident, Aldon owed legal duties to Steve Antcliff as the inventor, designer, manufacturer, marketer, and/or seller of the S-B-S Sealer, to ensure the S-B-S Sealer was in a non-defective condition and to adequately warn of the relevant dangers of the S-B-S Sealer.

42.    On and/or prior to the time of the Incident, Aldon and Schapper, by and through its agents, servants, and employees, committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

   a.  failing to use reasonable care in warning Gary Steven Antcliff of the dangers of using the S-B-S Sealer in the product's use;

   b.  failing to design a reasonably safe and non-defective S-B-S Sealer;

   c.  failing to provide adequate specifications, instructions, warnings, packaging, or ingredients such that Custom Blending could blend a non-defective S-B-S Sealer product free of manufacturing design flaws;

   d.  failing to adequately investigate whether the ingredients contained in the S-B-S Sealer's specifications were reasonably safe for the Sealer's intended and reasonably foreseeable uses; and

   e.   otherwise being negligent.

43.     As a direct and proximate result of one or more of Aldon's negligent acts and/or omissions as described herein, Steve Antcliff was allegedly exposed to the S-B-S Sealer and died as a result of the S-B-S Sealer in the Incident.

44.     At the time of the Incident, the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq. permitted a suit in contribution, and the Indiana Product Liability Act, Ind. Code Ann. § 34-20-9-1, permitted a suit for indemnity against Aldon and Schapper.

45.     By virtue of the circumstances described above, if Custom Blending, is found liable to Plaintiff in any amount whatsoever, which liability Custom Blending continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Aldon and/or Schapper, described above, for which Custom Blending is entitled to contribution pursuant to the Illinois Joint Tortfeasor Contribution Act and/or indemnity pursuant to the Indiana Product Liability Act (and applicable common law).

46.     Schapper, as a shareholder and owner of Aldon, is also personally responsible for the damages in contribution and/or Indemnity under a piercing-the-corporate-veil theory — Aldon was undercapitalized, failed to observe corporate formalities, and acted in ways that ignored the corporate form.

WHEREFORE, Defendant/Third-Party Plaintiff Dale Horne prays that in the event a judgment or verdict is entered against him and in favor of Plaintiff, that a judgment be entered against Third-Party Defendants Aldon Corporation and Donald Schapper in an amount equal to their pro rata share of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act or the Indiana Product Liability Act, that the Court award Horne his costs, and for such other and further relief this Court deems just and proper.

**DEFENDANTS/THIRD-PARTY PLAINTIFFS DEMAND
TRIAL BY JURY OF TWELVE**

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/  Mary Anne Mellow*
      Mary Anne Mellow, #6184050
      Zachary S. Merkle, #6322707
      600 Washington Avenue - 15th Floor
      St. Louis, MO  63101-1313
      314-231-3332
      314-241-7604 (Fax)
      mmellow@sandbergphoenix.com
      zmerkle@sandbergphoenix.com

      *Attorneys for Defendants/Third-Party Plaintiffs*
      *Custom Blending and Packaging of St. Louis, LLC,*
      *Strebor Specialties, LLC, and Dale Horne*

## Certificate of Service

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court utilizing Odyssey eFileIL, and a copy of the foregoing was sent by United States mail, postage pre-paid, this 9th day of April 2019 to the following counsel of record:

Ann E. Callis
Goldenberg, Heller & Antognoli, P.C.
2227 South State Rouge 157
Edwardsville, IL 62025

Gregory L. Shevlin
Cook, Bartholomew, Shevlin & Cook, LLP
12 West Lincoln Street
Belleville, IL 62230

*Attorneys for Plaintiff*

      */s/  Mary Anne Mellow*

## Affidavits Pursuant to Supreme Court Rule 222(b)

STATE OF GEORGIA     )
                           ) ss

COUNTY OF Hall      )

       The Undersigned Third Party Plaintiff, in accordance with Supreme Court Rule 222(b), states that the total amount of damages sought in this Third-Party Complaint case exceeds $50,000.

 

Dale Horne, Individually and on behalf of Custom
Blending and Packaging of St. Louis, LLC

Subscribed and sworn before me this 3ᵉᵈ day of April 2019.

NOTARY PUBLIC

ALICIA MCADOO
NOTARY
EXPIRES
GEORGIA
October 4, 2022
PUBLIC
HALL COUNTY

11146641.7

STATE OF ILLINOIS )
                              ) ss
COUNTY OF ST. CLAIR )

      The Undersigned Third Party Plaintiff, in accordance with Supreme Court Rule 222(b), states that the total amount of damages sought in this Third-Party Complaint case exceeds $50,000.

_____

Otto Roberts, Jr., on behalf of
Strebor Specialties, LLC

Subscribed and sworn before me this _3rd_ day of _April_ 2019.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
MARY B HOLLOWAY
Notary Public, State of Illinois
My Commission Expires 6/10/2021

11146641.7